UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
SHAHAB KARMELY and SK GREENWICH LLC,

        Plaintiffs,

        v.

EITAN WERTHEIMER, EZRA DAGMI, 443 GREENWICH LLC, 443 GREENWICH PARTNERS LLC, W. FAMILY 1 LTD., W-D GROUP (2006) LP, W-D GROUP NY1, LLC, and JOHN DOES 4-10,

        Defendants.
---------------------------------------------------------------- X

No. 11-cv-0541 (RPP)

ECF Case

**ANSWER TO AMENDED COMPLAINT**

        Defendants Eitan Wertheimer, Ezra Dagmi, 443 Greenwich LLC, 443 Greenwich Partners LLC, W. Family 1 Ltd., W-D Group (2006) LP, and W-D Group NY1, LLC (collectively, the "Defendants"), by their attorneys, Wachtell, Lipton, Rosen & Katz, as and for their Answer to the Amended Complaint (the "Complaint") of Shahab Karmely and SK Greenwich LLC (collectively, the "Plaintiffs"), state as follows:

        1.      Defendants admit that, between 2006 and 2010, SK Greenwich LLC ("SK Greenwich") and W-D Group NY1, LLC ("W-D Partner") possessed membership interests in 443 Greenwich Partners LLC, and that, on September 7, 2006, W-D Group (2006) LP ("W-D Lender") made a mezzanine loan to SK Greenwich and W-D Partner in connection with the purchase of a building located at 443-53 Greenwich Street, New York, New York 10013 (the "443 Property"), and otherwise deny the allegations of paragraph 1.

2.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.[1]

3.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

4.      Defendants admit that Eitan Wertheimer is an individual and a citizen of Israel, that Mr. Wertheimer owns residential property in New York County, and that he is or has been an indirect beneficial owner of W. Family 1 Ltd., W-D Partner and W-D Lender, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

5.      Defendants admit that Ezra Dagmi is an individual who is a dual citizen of Israel and the United Kingdom, that Mr. Dagmi owns residential property in New York County, and that Mr. Dagmi is or has been an indirect beneficial owner of W-D Partner and W-D Lender, and otherwise deny the allegations of paragraph 5.

6.      Defendants admit that 443 Greenwich LLC was a Delaware Limited Liability Company and the owner of the 443 Property, and aver that 443 Greenwich LLC no longer exists.  Defendants admit that 443 Greenwich Partners LLC was the sole member of 443 Greenwich LLC, and aver that 443 Greenwich Partners LLC no longer exists.

7.      Defendants admit that 443 Greenwich Partners LLC was a Delaware Limited Liability Company formed in connection with the purchase of the 443 Property, that SK Greenwich owned a 20% interest in 443 Greenwich Partners LLC, and that W-D Partner owned

---

[1] Unless otherwise specified, all responses in this Answer are made as of January 15, 2014.

an 80% interest in 443 Greenwich Partners LLC, and otherwise deny the allegations of paragraph 7.

8. Defendants admit that W. Family 1 Ltd. is a privately-held Israeli corporation, aver that Mr. Wertheimer is the sole beneficial owner of W. Family 1 Ltd., and otherwise deny the allegations of paragraph 8.

9. Defendants admit the allegations of paragraph 9.

10. Defendants deny the allegations of paragraph 10, and aver that W-D Partner no longer exists.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12. Defendants admit the allegations of paragraph 12.

13. Defendants admit the allegations of paragraph 13.

14. Defendants admit the allegations of paragraph 14.

15. Defendants admit the allegations of paragraph 15.

16. Defendants deny the allegations of paragraph 16, and aver that Mr. Dagmi met Mr. Karmely on only a few occasions prior to the date of the initial discussions that led to the 443 Greenwich investment.[2]

17. Defendants admit that Mr. Dagmi and Mr. Wertheimer are close friends and that they were partners in the 443 Greenwich investment and one other real estate venture, and otherwise deny the allegations of the first sentence of paragraph 17. Defendants admit the

---

[2] The headings in the Complaint do not require responsive pleadings. To the extent that responsive pleadings are required, the headings are denied.

allegations of the second sentence of paragraph 17. Defendants deny the allegations of the third sentence of paragraph 17.

19. Defendants deny the allegations of paragraph 19.

18. Defendants admit that Mr. Dagmi was aware that Mr. Karmely was a New York real estate developer, and otherwise deny the allegations of paragraph 18.

19. Defendants deny the allegations of paragraph 19.

20. Defendants admit that Mr. Wertheimer has engaged Mr. Karmely's firm to act as an agent in connection with the acquisition of certain residential property in New York, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the fourth sentence of paragraph 20, and otherwise deny the allegations of paragraph 20.

21. Defendants admit the existence of the documents cited in paragraph 21, refer to the documents for a complete and accurate statement of the contents thereof, and otherwise deny the allegations of paragraph 21.

22. Defendants admit the existence of the agreement quoted in paragraph 22, refer to the agreement for a complete and accurate statement of the contents thereof, and otherwise deny the allegations of paragraph 22.

23. Defendants refer to the document quoted in paragraph 23 for a complete and accurate statement of the contents thereof, and otherwise deny the allegations of paragraph 23.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 24. Defendants refer to the document cited in the second sentence of paragraph 24 for a complete and accurate statement of the contents thereof, and otherwise deny the allegations of the second sentence of paragraph 24.

25. Defendants refer to the document cited in paragraph 25 for a complete and accurate statement of the contents thereof, and otherwise deny the allegations of paragraph 25.

26. Defendants admit the allegations of paragraph 26.

27. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.

28. Defendants admit that Mr. Wertheimer and Mr. Dagmi preferred to provide a mezzanine loan from their own resources rather than pay interest to a third-party mezzanine lender, and otherwise deny the allegations of paragraph 28.

29. Defendants admit that W-D Lender provided a mezzanine loan to SK Greenwich and W-D Partner, that W-D Partner owned a majority of 443 Greenwich Partners LLC, and otherwise deny the allegations of the first sentence of paragraph 29. Defendants admit the existence of the agreement cited in the second sentence of paragraph 29, refer to the agreement for a complete and accurate statement of the contents thereof, and otherwise deny the allegations of the second sentence of paragraph 29.

30. Defendants deny the allegations of paragraph 30.

31. Defendants deny the allegations of paragraph 31.

32. Defendants deny the allegations of paragraph 32, and aver that the initial plan for the property did not contemplate a hotel component.

33. Defendants admit that, before construction could commence at the 443 Property, certain additional milestones needed to be achieved, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33.

34. Defendants deny the allegations of paragraph 34, and aver that no development budget was ever approved by all parties.

35. Defendants deny the allegations of paragraph 35.

36. Defendants admit that Pacific National Bank provided a term sheet in connection with a potential loan relating to the 443 Property to SK Greenwich, and otherwise deny the allegations of paragraph 36.

37. Defendants admit that Mr. Dagmi instructed SK Greenwich not to commit to a construction loan from Pacific National Bank until other opportunities could be explored, including a potential loan from UBS, and otherwise deny the allegations of paragraph 37.

38. Defendants deny the allegations of paragraph 38.

39. Defendants deny the allegations of paragraph 39.

40. Defendants admit that the financing proposed from Pacific National Bank expired without having been accepted, and otherwise deny the allegations of the first sentence of paragraph 40. Defendants deny the allegations of the second sentence of paragraph 40.

41. Defendants admit that 443 Greenwich LLC entered into agreements with Amanresorts, refer to the agreements for a complete and accurate statement of the contents thereof, and otherwise deny the allegations of paragraph 41.

42. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42.

43. Defendants admit that Desiree Dagmi is Mr. Dagmi's daughter and was, at one time, a member of W-D Partner's Board of Managers, and otherwise deny the allegations of paragraph 43.

44. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44.

45. Defendants admit the allegations of the first and second sentences of paragraph 45. Defendants deny the allegations of the third sentence of paragraph 45.

46. Defendants admit the allegations of paragraph 46.

47. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 47. Defendants deny the allegations of the second and third sentences of paragraph 47.

48. Defendants admit the existence of the email quoted in paragraph 48, refer to the email for a complete and accurate statement of the contents thereof, and otherwise deny the allegations of paragraph 48.

49. Defendants deny the allegations of the first sentence of paragraph 49. Defendants admit that the maturity date of the Anglo Irish Bank loan was extended to December 31, 2009, and that the maturity date for the mezzanine loan extended by W-D Lender was October 1, 2009, and otherwise deny the allegations of the second sentence of paragraph 49.

50. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50.

51. Defendants admit the allegations of the first sentence of paragraph 51. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 51. Defendants refer to the agreements cited in the third sentence of paragraph 51 for a complete and accurate statement of the contents thereof,

aver that the mezzanine loan's maturity date was never extended, and otherwise deny the allegations of the third sentence of paragraph 51.

52.     Defendants deny the allegations of paragraph 52.

53.     Defendants admit the existence of the email quoted in paragraph 53, refer to the email for a complete and accurate statement of the contents thereof, and otherwise deny the allegations of paragraph 53.

54.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54.

55.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55.

56.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56.

57.     Defendants deny the allegations of paragraph 57.

58.     Defendants admit that the Anglo Irish Bank loan was due to mature at the end of 2009 and that an agreement was reached to further extend that loan, aver that Mr. Karmely alone negotiated with Anglo Irish Bank regarding the terms of the extension, and otherwise deny the allegations of paragraph 58.

59.     Defendants admit that, in connection with extending the maturity of the Anglo Irish Bank loan, SK Greenwich and/or Mr. Karmely paid approximately $250,000 and restated certain personal guarantees, and otherwise deny the allegations of paragraph 59.

60.     Defendants admit the allegations of paragraph 60.

61. Defendants admit that the maturity date of the mezzanine loan was October 1, 2009, and otherwise deny the allegations of paragraph 61.

62. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 62. Defendants refer to the agreement cited in the second sentence of paragraph 62 for a complete and accurate statement of the contents thereof, and otherwise deny the allegations of the second sentence of paragraph 62.

63. Defendants admit the existence of the default notice referenced in paragraph 63, refer to the default notice for a complete and accurate statement of the contents thereof, and otherwise deny the allegations of paragraph 63.

64. Defendants admit that, as of September 30, 2010, the venture did not have Available Net Cash Flow or Capital Event Proceeds sufficient to pay the Anglo Irish Bank loan, and otherwise deny the allegations of paragraph 64.

65. Defendants admit the allegations of paragraph 65.

66. Defendants admit the existence of the letter quoted in the first sentence of paragraph 66, refer to the letter for a complete and accurate statement of the contents thereof, and otherwise deny the allegations of the first sentence of paragraph 66. Defendants admit the allegations of the second sentence of paragraph 66.

67. Defendants refer to the letter cited in paragraph 67 for a complete and accurate statement of the contents thereof, and otherwise deny the allegations of paragraph 67.

68. Defendants admit the allegations of the first sentence of paragraph 68. Defendants admit the existence of the auctioneer's report quoted in the second sentence of

paragraph 68, refer to the report for a complete and accurate statement of the contents thereof, and otherwise deny the allegations of the second sentence of paragraph 68.

69. Defendants admit that W-D Partner submitted the winning bid in the auction, a $100,000 credit bid, and otherwise deny the allegations of paragraph 69.

70. Defendants admit that SK Greenwich was removed as Operations Member of the Company and was so notified, and otherwise deny the allegations of paragraph 70.

71. Defendants deny the allegations of paragraph 71.

72. Defendants admit the existence of the letter referenced in the first sentence of paragraph 72, refer to the letter for a complete and accurate statement of the contents thereof, and otherwise deny the allegations of the first sentence of paragraph 72.  Defendants deny the allegations of the second sentence of paragraph 72.

73. Defendants admit that W-D Lender purchased the mortgage from Anglo Irish Bank, and otherwise deny the allegations of paragraph 73.

74. Defendants deny the allegations of paragraph 74.

75. Defendants deny the allegations of paragraph 75.

76. Defendants admit that, in its role as Operations Member, SK Greenwich performed certain tasks on behalf of the venture, that SK Greenwich made a total of $9.5 million in capital contributions, and that Mr. Karmely made certain personal guarantees, aver that the personal guarantees made by Mr. Karmely were never drawn upon, and otherwise deny the allegations of paragraph 76.

77. Defendants deny the allegations of paragraph 77.

78. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78.

### FIRST CLAIM
### Breach of the Mezzanine Loan Documents
### (Against All W-D Defendants)

79. Defendants repeat and incorporate by reference their answers to paragraphs 1 through 78, with the same force and effect as if fully set forth herein.

80. The allegations of paragraph 80 constitute conclusions of law as to which no responsive pleading is required; to the extent a response is required, Defendants deny the allegations of paragraph 80.

81. Defendants refer to the documents cited in paragraph 81, and otherwise deny the allegations of paragraph 81.

82. The allegations of paragraph 82 constitute conclusions of law as to which no responsive pleading is required; to the extent a response is required, Defendants deny the allegations of paragraph 82.

83. The allegations of paragraph 83 constitute conclusions of law as to which no responsive pleading is required; to the extent a response is required, Defendants deny the allegations of paragraph 83.

### SECOND CLAIM
### Tortious Interference
### (Against All Defendants other than W-D Lender)

84. Defendants repeat and incorporate by reference their answers to paragraphs 1 through 83, with the same force and effect as if fully set forth herein.

85. The allegations of paragraph 85 relate to a cause of action that was dismissed by this Court and abandoned by Plaintiffs on appeal, and therefore no responsive pleading is required; to the extent a response is required, Defendants deny the allegations of paragraph 85.

86. The allegations of paragraph 86 relate to a cause of action that was dismissed by this Court and abandoned by Plaintiffs on appeal, and therefore no responsive pleading is required; to the extent a response is required, Defendants deny the allegations of paragraph 86.

87. The allegations of paragraph 87 relate to a cause of action that was dismissed by this Court and abandoned by Plaintiffs on appeal, and therefore no responsive pleading is required; to the extent a response is required, Defendants deny the allegations of paragraph 87.

88. The allegations of paragraph 88 relate to a cause of action that was dismissed by this Court and abandoned by Plaintiffs on appeal, and therefore no responsive pleading is required; to the extent a response is required, Defendants deny the allegations of paragraph 88.

**THIRD CLAIM**
**Breach of the Operating Agreement**
**(Against W-D Partner and the Company)**

89. Defendants repeat and incorporate by reference their answers to paragraphs 1 through 88, with the same force and effect as if fully set forth herein.

90. The allegations of paragraph 90 relate to a cause of action that was dismissed by this Court and abandoned by Plaintiffs on appeal, and therefore no responsive

pleading is required; to the extent a response is required, Defendants deny the allegations of paragraph 90.

91. The allegations of paragraph 91 relate to a cause of action that was dismissed by this Court and abandoned by Plaintiffs on appeal, and therefore no responsive pleading is required; to the extent a response is required, Defendants deny the allegations of paragraph 91.

92. The allegations of paragraph 92 relate to a cause of action that was dismissed by this Court and abandoned by Plaintiffs on appeal, and therefore no responsive pleading is required; to the extent a response is required, Defendants deny the allegations of paragraph 92.

**FOURTH CLAIM**
**Account Stated**
**(Against The Company)**

93. Defendants repeat and incorporate by reference their answers to paragraphs 1 through 92, with the same force and effect as if fully set forth herein.

94. The allegations of paragraph 94 relate to a cause of action that was dismissed by this Court and abandoned by Plaintiffs on appeal, and therefore no responsive pleading is required; to the extent a response is required, Defendants deny the allegations of paragraph 94.

95. The allegations of paragraph 95 relate to a cause of action that was dismissed by this Court and abandoned by Plaintiffs on appeal, and therefore no responsive pleading is required; to the extent a response is required, Defendants deny the allegations of paragraph 95.

96. The allegations of paragraph 96 relate to a cause of action that was dismissed by this Court and abandoned by Plaintiffs on appeal, and therefore no responsive pleading is required; to the extent a response is required, Defendants deny the allegations of paragraph 96.

97. The allegations of paragraph 97 relate to a cause of action that was dismissed by this Court and abandoned by Plaintiffs on appeal, and therefore no responsive pleading is required; to the extent a response is required, Defendants deny the allegations of paragraph 97.

98. The allegations of paragraph 98 relate to a cause of action that was dismissed by this Court and abandoned by Plaintiffs on appeal, and therefore no responsive pleading is required; to the extent a response is required, Defendants deny the allegations of paragraph 98.

99. The allegations of paragraph 99 relate to a cause of action that was dismissed by this Court and abandoned by Plaintiffs on appeal, and therefore no responsive pleading is required; to the extent a response is required, Defendants deny the allegations of paragraph 99.

**FIFTH CLAIM**
**Breach of Fiduciary Duty**
**(Against The W-D Defendants)**

100. Defendants repeat and incorporate by reference their answers to paragraphs 1 through 99, with the same force and effect as if fully set forth herein.

101. The allegations of paragraph 101 relate to a cause of action that was dismissed by this Court and not reinstated by the United States Court of Appeals for the Second

Circuit, and therefore no responsive pleading is required; to the extent a response is required, Defendants deny the allegations of paragraph 101.

**SIXTH CLAIM**
**Promissory Estoppel**
**(Against The W-D Defendants)**

102. Defendants repeat and incorporate by reference their answers to paragraphs 1 through 101, with the same force and effect as if fully set forth herein.

103. The allegations of paragraph 103 relate to a cause of action that was dismissed by this Court and abandoned by Plaintiffs on appeal, and therefore no responsive pleading is required; to the extent a response is required, Defendants deny the allegations of paragraph 103.

104. The allegations of paragraph 104 relate to a cause of action that was dismissed by this Court and abandoned by Plaintiffs on appeal, and therefore no responsive pleading is required; to the extent a response is required, Defendants deny the allegations of paragraph 104.

105. The allegations of paragraph 105 relate to a cause of action that was dismissed by this Court and abandoned by Plaintiffs on appeal, and therefore no responsive pleading is required; to the extent a response is required, Defendants deny the allegations of paragraph 105.

106. The allegations of paragraph 106 relate to a cause of action that was dismissed by this Court and abandoned by Plaintiffs on appeal, and therefore no responsive pleading is required; to the extent a response is required, Defendants deny the allegations of paragraph 106.

## AFFIRMATIVE DEFENSES

107. Defendants' assertion of defenses herein is not a concession that Defendants bear the burden of proof on any issue as to which the Plaintiffs otherwise would bear the burden of proof. Defendants reserve the right to rely on any affirmative defense that may subsequently come to light, and expressly reserve the right to amend this Answer to assert such additional defenses.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

108. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

109. The Complaint is barred by Plaintiffs' conduct, including SK Greenwich's default and other material breaches under the Mezzanine Loan Agreement, Promissory Note, and Pledge and Security Agreement (collectively, the "Mezzanine Loan Documents"). Defendants were authorized under the Mezzanine Loan Documents to foreclose on SK Greenwich's membership interest in 443 Greenwich Partners LLC.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

110. The relief sought in the Complaint is barred by the Limitation of Liability provision set forth in paragraph 4.18 of the Mezzanine Loan Agreement.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

111. Plaintiffs have sustained no legally cognizable damage.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

112.  The relief sought in the Complaint is barred, either in whole or in part, by Plaintiffs' prior admission that its membership interest in 443 Greenwich Partners LLC had little or no value at the time of the alleged breach of the Mezzanine Loan Documents.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

113.  The Complaint is barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and/or unjust enrichment, as well as other applicable equitable doctrines.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

114.  The relief sought in the Complaint is barred to the extent Plaintiffs seek contract damages from individuals and entities that are not parties to the contracts at issue in this litigation.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

115.  The relief sought in the Complaint is barred, either in whole or in part, by the Limited Liability Company Operating Agreement of 443 Greenwich Partners LLC, including, without limitation, the Exculpation and Indemnification provision set forth in Section 6.3 of that Agreement.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

116.  Claims II through VI of the Complaint are barred by the doctrines of *res judicata* and law of the case.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

117. Any losses Plaintiffs sustained were not caused by any conduct of the Defendants.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

118. The Complaint is barred, in whole or in part, because the Defendants at all times acted reasonably and in good faith and did not directly or indirectly induce any act or acts constituting a cause of action arising under any law.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

119. Plaintiffs' damages claims are barred, in whole or in part, because they are speculative in nature and/or not otherwise recoverable under the law.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

120. The Complaint is barred, in whole or in part, because of Plaintiffs' failure to mitigate damages.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

121. Plaintiffs have waived their right to a trial by jury pursuant to Section 4.3 of the Mezzanine Loan Agreement, Section 22 of the Pledge and Security Agreement, and Section 12.15 of the Limited Liability Company Operating Agreement of 443 Greenwich Partners LLC, and Plaintiffs' request for a trial by jury should be stricken from the Complaint.

\*               \*               \*

Defendants reserve the right to (a) rely upon such other affirmative defenses as may be supported by the facts to be determined through full and complete discovery, and (b) voluntarily withdraw any affirmative defense.

## RELIEF REQUESTED

WHEREFORE, Defendants request judgment as follows: (1) entering judgment in favor of Defendants against the Plaintiffs and dismissing the Complaint with prejudice; (2) awarding Defendants the costs of defending this action, including attorneys' fees and expenses; and (3) granting such other and further relief as the Court deems just and proper.

Dated:   January 15, 2014
         New York, New York

Respectfully submitted,

WACHTELL, LIPTON, ROSEN & KATZ

By:  /s/ Stephen R. DiPrima
     Stephen R. DiPrima
     Bradley R. Wilson
     Benjamin D. Klein

     51 West 52nd Street
     New York, NY  10019
     Telephone:  (212) 403-1000
     Facsimile:  (212) 403-2000

*Attorneys for Defendants*